UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ROBIN MARSH, | Case No.: 10-CV-3430-LHK |
| Plaintiff, | ORDER GRANTING MOTION FOR A GOOD FAITH SETTLEMENT DETERMINATION |
| v. | |
| TIN, Inc., dba Temple Inland, Inc., and QUALITY CARRIERS, INC., | |
| Defendants. | |

Defendant Quality Carriers, Inc. ("Quality") has filed a motion for a good faith settlement determination pursuant to California Code of Civil Procedure § 877.6. Quality represents that at a mediation session held on May 12, 2011, Quality reached a settlement in the amount of $50,000 with Plaintiff Robin Marsh. Quality now requests that the Court make a determination that this settlement was entered into in good faith, dismiss Plaintiff's Complaint as to Quality, and dismiss the cross-complaint of Defendant TIN, Inc. ("TIN"). Plaintiff has stipulated to the requested relief, and TIN has filed a statement of non-opposition stating that it does not oppose Quality's motion.[1]

A federal court sitting in diversity may apply California good faith settlement law, Cal. Civ. Code §§ 877, 877.6, to claims brought under California law. *Mason and Dixon Intermodal, Inc. v.*

---

[1] In its statement of non-opposition, TIN objects to three factual assertions made by Quality in its moving papers. The Court finds that these disputed statements are not material to its determination. Therefore, the Court will not consider these statements in ruling on the instant motion.

1

Case No.: 10-CV-03430-LHK
ORDER GRANTING MOTION FOR A GOOD FAITH SETTLEMENT DETERMINATION

*Lapmaster Intern. LLC*, 632 F.3d 1056, 1060-63 (9th Cir. 2011). "To determine whether a settlement has been made in good faith, California courts consider (1) 'a rough approximation of plaintiffs' total recovery and the settlor's proportionate liability'; (2) 'the amount paid in settlement'; (3) 'the allocation of settlement proceeds among plaintiffs'; and (4) 'a recognition that a settlor should pay less in settlement than he would if he were found liable after a trial.'" *Id.* at 1064 (quoting *Tech–Bilt, Inc. v. Woodward–Clyde Associates*, 38 Cal.3d 488, 499, 213 Cal.Rptr. 256, 698 P.2d 159 (1985)). California courts may also consider the financial condition and insurance policy limits of the settlor, as well as any tortious behavior intended to harm the interests of the non-settling defendants. *Mason and Dixon*, 632 F.3d at 1064.

This case arises out of an incident in which Plaintiff, an independent truck operator, was dispatched by Quality to deliver a shipment of molten wax to a facility owned and operated by TIN. As Plaintiff attempted to transfer the wax from the Quality trailer to the TIN storage tank, she was allegedly sprayed with wax and knocked to the ground, causing injuries. In support of a good faith settlement determination, Quality has submitted evidence suggesting that it provided Plaintiff extensive training in proper unloading procedures, including one-on-one training sessions. Quality also submits evidence indicating that it provided Plaintiff phone numbers of two people to contact with questions about an assignment, and that Plaintiff did not contact either of these people to discuss her hesitations about unloading the wax. Finally, Quality submits evidence suggesting that $50,000 is an adequate amount to cover Quality's proportion of liability, if any, for Plaintiff's injuries. No party has opposed Quality's motion. Accordingly, having reviewed the briefs and evidence submitted by Quality, the Court finds that the settlement payment of $50,000 by Quality to Plaintiff was made in good faith.

The Court therefore GRANTS Quality's motion for a good faith settlement determination and ORDERS as follows:

(1) The settlement between Plaintiff and Quality is determined to have been made in good faith within the meaning of California Code of Civil Procedure Sec. 877 and 877.6;

(2) Plaintiff's Complaint is dismissed with prejudice as to Defendant Quality only;

(3) The Cross-Complaint filed by TIN against Quality is dismissed with prejudice;

(4) The Cross-Complaint filed by Quality against TIN is dismissed with prejudice;

(5) Pursuant to California Code of Civil Procedure Sec. 877.6(c), this Order bars any other joint tortfeasor or co-obligor from any further claims against the settling tortfeasor or co-obligor for equitable comparative contribution, or partial or comparative indemnity, based on comparative negligence or comparative fault.

The June 17, 2011 hearing on Quality's motion is hereby VACATED. However, because Plaintiff and Defendant TIN have not reached a settlement, the Court will hold a Case Management Conference, as scheduled, on June 17, 2011 to discuss the ongoing litigation.

**IT IS SO ORDERED.**

Dated: June 13, 2011

_____
LUCY H. KOH
United States District Judge